UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| John Parks Trowbridge, Jr., <br> 9816 Memorial Boulevard, Suite 205 <br> Humble, Texas <br> (832) 472-3683 <br><br> Plaintiff, <br> v. <br><br> United States of America <br> Serving: <br>   Attorney General of the United States <br>   950 Pennsylvania Avenue, N.W. <br>   Washington, DC 20530-0001 <br><br>   United States Attorney <br>     for the District of Columbia <br>   501 Third Street, N.W. <br>   Washington, DC 20001 <br><br> Defendant. | Case No. 1:16-cv-00506 BAH <br><br> AMENDED VERIFIED COMPLAINT <br> FOR DECLARATORY AND <br> INJUNCTIVE RELIEF |

## AMENDED COMPLAINT

John Parks Trowbridge, Jr., plaintiff herein (the "Plaintiff" or "Trowbridge"), to correct a technical error in the caption, for Plaintiff's amended verified complaint, hereby alleges as follows:

**RECEIVED**

**MAR 18 2016**

### INTRODUCTION

Clerk, U.S. District and Bankruptcy Courts

1. This action at equity is a direct suit under the Constitution to obtain, in respect of an actual controversy that exists within the jurisdiction of this Court, a judgment declaring whether the territorial jurisdiction of United States District Courts is co-extensive with the territorial legislative power of Congress or extends to Tyler County, Texas, and Plaintiff's right to property in respect thereof; and order temporarily restraining defendant United States of America (the "Defendant" or "United States") from acting on any 28 U.S.C. § 3002(8) judgment

obtained as a plaintiff in any civil action against Trowbridge in any United States District Court purporting to exercise territorial jurisdiction in Tyler County, Texas, and (c) order extending such temporary relief and preliminarily and permanently enjoining Defendant from acting on any such judgment pending resolution of the aforesaid controversy by this Honorable Court.

2. Plaintiff sought to settle the aforesaid controversy on his own six months ago by making demand of United States for disclosure of the first of the two essential elements necessary to create and vest jurisdiction in the United States District Court of first instance—i.e., the constitutional authority that gives said court the capacity to take territorial jurisdiction in the geographic area in which Plaintiff's real property is located, Tyler County, Texas—but United States of America failed to respond to said challenge of jurisdiction.

3. United States of America likewise went silent and failed to oppose Plaintiff's subsequent demand for dismissal with prejudice of said civil action, but the United States District Court of first instance denied Plaintiff's motion to dismiss and granted United States of America's motion for summary judgment.

## I. PARTIES

4. Plaintiff John Parks Trowbridge, Jr. was born in California and is domiciled in Texas, and a resident of Tyler County, Texas.

5. Defendant United States of America, a.k.a. United States, a Federal corporation, 28 U.S.C. § 3002(15), is domiciled in the District of Columbia.

## II. JURISDICTION

6. This Court has jurisdiction over this action pursuant to Articles 1 § 8(17) and 4 § 3(2) of the Constitution and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over United States, who initiated the aforementioned civil action against Plaintiff in the United States District Court of first instance whose 28 U.S.C. § 3002(8) memorandum order and final judgment Plaintiff now seeks to restrain United States from using to enforce its liens against and foreclose upon and sell Plaintiff's real property in Tyler County, Texas.

### III. VENUE

8. Venue is proper pursuant to 28 U.S.C. §§ 88 and 1391(e)(1)(A).

### IV. FACTS

9. United States obtained from the court in the United States District Court of first instance, i.e., United District Court for the Eastern District of Texas, Lufkin Division Civil Action No. 9:14-cv-0138, a March 3, 2016-entered memorandum order and final judgment purporting to exercise territorial jurisdiction over Plaintiff's real property in Tyler County, Texas, and authorize enforcement of United States' liens against and foreclosure upon and sale of said real property despite said court's lack of capacity, as given by the Constitution, in respect of the power of territorial legislation therein conferred upon Congress, to take territorial jurisdiction in Tyler County, Texas.

10. An emergency exists in that there is an imminent likelihood of irreparable harm to Plaintiff, i.e., loss of Plaintiff's home, as soon as March 18, 2016 (the day of the filing of this amended verified complaint), unless an order issues as aforesaid, temporarily restraining United States from using any order or judgment obtained as a plaintiff in a civil action against Trowbridge in the United States District Court of first instance, to enforce its liens against and foreclose upon and sell certain real property in Tyler County, Texas, belonging to Plaintiff.

11. The subject real property is Plaintiff's residence, for the loss of enjoyment of which there exists no availability of any adequate remedy at law, as an action for money damages alone is insufficient to restore Plaintiff to *status quo ante* after precipitation of the threatened harm because of Plaintiff's emotional attachment thereto, a weekend retreat where Plaintiff has made improvements and created his life and spent essentially all of his spare time for the last 16 years.

12. The threatened harm to Plaintiff of loss of Plaintiff's home far outweighs any substantial harm to United States which might accrue from having to file an answer to this amended verified complaint and waiting a few days until this Honorable Court can settle the subject controversy.

13. There is no substantial public interest that will be disserved or harmed by the Court issuing an injunction favoring Plaintiff.

14. Plaintiff has a substantial likelihood of success because the above allegations are not speculative but factual and likely to be proven.

## V. BOND

15. Plaintiff is willing to post a bond and, given the limited amount of participation needed for United States to defend this action, recommends bond be set at $250.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff John Parks Trowbridge, Jr., in order to preserve the status quo, respectfully demands the Court that the Court grant relief as follows:

    **a. Declaratory relief**

Pursuant to 28 U.S.C. § 2201, that the Court issue a judgment declaring (i) that the territorial jurisdiction of United States District Courts is co-extensive with the territorial

legislative power of Congress, and (ii) Plaintiff's right to Plaintiff's real property in Tyler County, Texas.

**b.  Injunctive relief**

Pursuant to the provisions of Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1(a), that this Court issue an order:

**i.**  temporarily restraining, for 14 days, United States from using, to enforce its liens against and foreclose upon and sell Plaintiff's real property in Tyler County, Texas, any order or judgment obtained as a plaintiff in any civil action against John Parks Trowbridge, Jr. in any United States District Court purporting to exercise territorial jurisdiction in Tyler County, Texas; and

**ii.**  extending such temporary relief and preliminarily and permanently enjoining United States from enforcing any such order or judgment, pending resolution of the subject controversy by the Court.

**c.  Additional relief**

That the Court award Plaintiff costs of litigation and such other and further relief as the Court may deem just and proper.

Date:  March 17, 2016                              Respectfully submitted,

*[signature]*
John Parks Trowbridge, Jr.

## **VERIFICATION**

The undersigned, John Parks Trowbridge, Jr., as to the appended Amended Verified Complaint for Declaratory and Injunctive Relief (the "Amended Verified Complaint"), hereby verifies as follows:

1. I am the Plaintiff named in the Amended Verified Complaint.

2. I have read the Amended Verified Complaint and know the content thereof and that the same is true of my own personal knowledge and if called upon as a witness I shall so testify.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 17th day of March 2016.

_____
John Parks Trowbridge, Jr.

## CERTIFICATE OF SERVICE

I certify that on March 17, 2016, the foregoing **PLAINTIFF'S AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was served via overnight courier service, as follows:

Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

United States Attorney
    for the District of Columbia
501 Third Street, N.W.
Washington, DC 20001

I declare under penalty of perjury that this information is true.

John Parks Trowbridge, Jr.