**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN PARKS TROWBRIDGE, JR.,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 16-506 (BAH)

Judge Beryl A. Howell

**MEMORANDUM AND ORDER**

The plaintiff, a resident of Texas who is proceeding *pro se*, brings this action against the United States.[1]  For the following reasons, having liberally read the plaintiff's Amended Complaint, the Court finds the plaintiff's claim to be frivolous and therefore will dismiss this case and quash the summonses.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  Dismissal of a complaint on such grounds is required "at any time" and "[n]otwithstanding any filing fee . . . that may have been paid . . . ." *Id.* § 1915(e)(2).  Specifically, the Court must dismiss claims based on an indisputably meritless legal theory or factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court has discretion to decide whether a complaint is frivolous, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and such decision is appropriate when the complaint "lacks an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325.

---

[1] On March 16, 2016, the Clerk, pursuant to Fed. R. Civ. P. 4(b), issued two summonses to the plaintiff, who is responsible for effecting service of process on the defendant.

The plaintiff's present claim arises out of a declaratory judgment rendered against him in the U.S. District Court for the Eastern District of Texas. In this earlier action, the United States sought, and obtained, a judgment against the plaintiff allowing the United States to perfect and enforce certain tax liens against the plaintiff by selling property he owns in Tyler County, Texas, and using the sale proceeds to help satisfy the plaintiff's outstanding tax liabilities. *See* Final Judgment, *United States v. John Parks Throwbridge, Jr., et al.*, No. 9:14-CV-138 (E.D. Tex. March 3, 2016), ECF No. 67. Two weeks later, on March 16, 2016, the plaintiff filed this action seeking to bar the United States from enforcing its liens, and to prevent a foreclosure the plaintiff contends may go forward in the near future. Am. Compl., ECF No. 4.[2] His present request for declaratory and injunctive relief is premised on the notion that the federal district court in Texas lacked authority to exercise "territorial jurisdiction" over the plaintiff's real property in the state and issue an order allowing for the United States to foreclose on this property. *Id.* ¶ 9.

At the outset, to the extent that the plaintiff seeks review of the decision of the Eastern District of Texas that his property is subject to federal authority, this Court lacks subject-matter jurisdiction over his present claim. As the D.C. Circuit recently reiterated, under federal law, district courts have no jurisdiction to review actions taken by another district court. *Lumpkins v. U.S. Gov't*, No. 15-5093, 2015 WL 9002925, at *1 (D.C. Cir. Nov. 23, 2015) (per curiam); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("We have made clear that 'it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its

---

[2] In conjunction with his initial Complaint, the plaintiff sought a preliminary injunction barring the federal government from proceeding with any such foreclosure during the pendency of the present litigation. *See* Pl.'s App. Temp. Rest. Order & Order to Show Cause Why a Prelim. Injunc. Should Not Issue ("Pl.'s TRO"), ECF No. 2. The Court denied this request without written opinion upon consideration of the plaintiff's inability to prevail on the merits of his frivolous claim. *See* Minute Order, dated Mar. 17, 2016. The plaintiff subsequently filed an Amended Complaint, which included no substantive changes to the claims advanced in the original Complaint. Am. Compl. at 1 (explaining that the Amended Complaint "correct[s] a technical error in the caption" of the original Complaint).

decision are to be respected.'" (internal alteration omitted) (quoting *Walker v. Birmingham,* 388 U.S. 307, 314 (1967)).

Beyond this initial jurisdictional issue, however, the plaintiff's Amended Complaint is subject to dismissal under 28 U.S.C. § 1915 for at least two reasons.  First, because the plaintiff's present claim that the U.S. District Court for the Eastern District of Texas lacks jurisdiction over the plaintiff's real property was considered and rejected in the prior action between the parties, in which the defendant prevailed, the plaintiff is precluded from renewing this issue in this Court.  Under the doctrine of issue preclusion, a party is barred from relitigating an issue resolved in a prior proceeding where each of three criteria are met:

> First, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case.  Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case.  Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 301 (D.C. Cir. 2015) (internal quotations omitted) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)); *see also Nat'l Ass'n of Home Builders v. E.P.A.*, 786 F.3d 34, 41 (D.C. Cir. 2015) ("Issue preclusion applies to threshold jurisdictional issues . . . ." (citing authorities)).

As the plaintiff's exhibits to his Complaint demonstrate, the plaintiff submitted the same issue he now raises to the U.S. District Court for the Eastern District of Texas in the prior proceeding between the parties.  *See*, *e.g.*, Pl.'s TRO, Ex. C (Defendant's Objection to Denial of Due Process of Law and Demand for Disclosure of the Constitutional Authority That Gives the Court the Capacity to Take Jurisdiction and Enter Judgments, Order, and Decrees in Favor of the United States Arising From a Civil or Criminal Proceeding Regarding a Debt, in Tyler County, Texas), ECF No. 2-1.  In reaching the merits of the United States' claim against the defendant,

the court described as "frivolous" the plaintiff's argument that the court lacked jurisdiction "because [the plaintiff] is a resident of Texas and is geographically exempted from [the court's] jurisdiction, despite the fact that the Unites States' claims are based on federal law."  Mem. Order Overruling Def.'s Objs. & Adopting Mag. J.'s Rep. & Rec., *United States v. John Parks Throwbridge, Jr.*, *et al.*, ECF No. 66.  As such, this jurisdictional issue was actually and necessarily determined by the Eastern District of Texas in favor of the defendant, and the Court discerns no fundamental unfairness in precluding the plaintiff from reviving this argument before this Court.

Second, even if the plaintiff were not barred from raising this issue again in this Court, his present claim is premised upon an "indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  The constitutional basis for the jurisdiction of the Texas federal court over plaintiff's property is clear.  The Texas case against the plaintiff was brought under 26 U.S.C. § 7403, which authorizes the government to bring an action to collect unpaid federal taxes from property of the delinquent taxpayer.  *See* Compl., *United States v. John Parks Throwbridge, Jr.*, *et al.*, ECF No. 1.  This statute was passed under Congress's power to "lay and collect Taxes," U.S. CONST. art. I, § 8, cl. 1, and thus it is "the supreme Law of the Land," *id.* art. VI, cl. 2.  The U.S. District Court for the Eastern District of Texas had original jurisdiction over the case pursuant to various federal statutes, including 26 U.S.C. § 7402(a) (jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"), and 28 U.S.C. § 1331 (jurisdiction over "all civil actions arising under the . . . laws . . . of the United States"), § 1340 (jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue") and § 1345 (jurisdiction over "all civil actions, suits or proceedings commenced by the United States").  These jurisdictional statutes, in turn, were a

proper exercise of Congress's power to "ordain and establish" the lower federal courts, U.S. CONST. art. III, § 1, which encompasses "the power of investing them with jurisdiction," *Lockerty v. Phillips*, 319 U.S. 182, 187 (1943) (internal quotation marks and citation omitted).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Nonetheless, having reviewed the Amended Complaint, the Court concludes that it is frivolous. Accordingly, it is hereby

**ORDERED** that the summonses are QUASHED; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915, the Amended Complaint is DISMISSED, with prejudice; and it is further

**ORDERED** that that the Clerk close this case.

**SO ORDERED.**

Date: March 22, 2016

*This is a final and appealable Order.*

_____
BERYL A. HOWELL
Chief Judge